UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61085-CIV-COHN/WHITE
(Case No. 08-60252-CR-COHN)

LEONARD MITCHELL,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND DISMISSING CASE

**THIS CAUSE** is before the Court upon the Report and Recommendation [DE 13] ("Report") of Magistrate Judge Patrick A. White to Movant Leonard Mitchell's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 1] ("Motion"). The Court has conducted a *de novo* review of the Report and has carefully considered the Motion, Movant's Objections to Report and Recommendation [DE 14] ("Objections"), the record in the case and is otherwise fully advised in the premises.

Movant Leonard Mitchell plead guilty to two counts of possession with intent to distribute a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1). Final Judgment [CR DE[1] 32] at 1.  As a result, Movant was sentenced to 151 months in prison, followed by a term of three years supervised release.  Id. at 2-3.  Movant's conviction was affirmed on direct appeal.  See United States v. Mitchell, 405 F. App'x 435 (11th Cir. 2010).  In his memorandum of law accompanying his Motion [DE 5],

---

[1]     "CR DE" refers to docket entries in case no. 08-6-252-CR-COHN.

Movant contends that he is entitled to relief because (1) he is actually innocent of the career offender sentencing enhancement; (2) his prior Florida drug convictions do not fall within the definition of a controlled substance; (3) his counsel was ineffective when he failed to argue at sentencing that his prior drug convictions could not be used to enhance his federal sentence because they were strict liability offenses; (4) his attorney was ineffective at sentencing, causing Movant to suffer a due process violation; and (5) that he is entitled to be resentenced under the Fair Sentencing Act.  After considering each of Movant's claims, Judge White recommended that the Motion be denied.  As discussed below, the Court agrees and will overrule Movant's objections and deny the Motion.

Regarding Movant's claim that he is actually innocent of the sentencing enhancement, Judge White found that Movant's argument was "specious" and had been rejected by other courts.  See Report at 12.   In his Objections, Movant asserts that Shelton v. Secretary, Department of Corrections, 802 F. Supp. 2d. 1289 (M.D. Fla. 2011), was not reversed on the issue of whether the drug statutes were constitutional.  Objections at 3.  Additionally, Movant reiterates that his prior state drug offenses should not have been used to enhance his sentence under U.S.S.G. § 4B1.2. because 28 U.S.C. § 994(h) does not include state drug offenses.  Id. at 3-4.

First, the Court agrees with Judge White that Movant's state court drug offenses could be used to enhance his sentence.  United States Sentencing Guidelines 4B1.2 actually states that:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits

2

> the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S. Sentencing Guidelines Manual § 4B1.2(b) (2012). Thus, the Sentencing Guidelines explicitly include state drug offenses in the definition of "controlled substance offense." Movant's argument that only drug offenses mentioned in 28 U.S.C. § 994(h) can be used to enhance a sentence under U.S.S.G. § 4B1.1, is also unavailing. The Court agrees with Judge White that this argument has been squarely rejected by courts across the country, and is thus, without merit. See Report at 12-13 (citing cases); United States v. Gonsalves, 121 F.3d 1416, 1419 (11th Cir. 1997) ("We join these circuits in holding that the inclusion of state drug convictions to determine career criminal status under U.S.S.G. § 4B1.1 is within the statutory mandate of 28 U.S.C. § 994(h) . . . .").

The Court also agrees with Judge White's conclusion that the Shelton opinion Movant relies upon to assert that his drug convictions were unconstitutional is no longer good law. As the Eleventh Circuit has recently explained:

> The United States District Court for the Middle District of Florida held that the Florida statute under which Jackson was convicted is facially unconstitutional in Shelton v. Sec'y, Dep't of Corr. (Shelton I), 802 F. Supp. 2d 1289, 1308 (M.D. Fla. 2011). We reversed on other grounds without deciding the constitutionality of that statute. Shelton v. Sec'y, Dep't of Corr. (Shelton II), 691 F.3d 1348, 1355 (11th Cir. 2012). After the district court's decision in Shelton I, but before our decision in Shelton II, the Florida Supreme Court held that the statute under which Jackson was convicted is constitutional. State v. Adkins, 96 So. 3d 412 (Fla. 2012).

United States v. Jackson, No. 12-11510, 2013 WL 28414, at *1 n.1 (11th Cir. Jan. 3, 2013). In Adkins, the Florida Supreme Court held that Fla. Stat. § 893.13 is not facially

3

unconstitutional.  96 So. 3d at 423 ("Because we conclude that the Legislature did not exceed its constitutional authority in redefining section 893.13 to not require proof that the defendant knew of the illicit nature of the controlled substance, we likewise conclude that the Legislature did not violate due process by defining lack of such knowledge as an affirmative defense to the offenses set out in chapter 893. The Legislature's decision to treat lack of such knowledge as an affirmative defense does not unconstitutionally shift the burden of proof of a criminal offense to the defendant."). Thus, the Adkins decision supports that Movant's prior state drug convictions were properly used to enhance his sentence.

Turning to Movant's claim that his prior drug convictions do not fall within the definition of controlled substance offenses under U.S.S.G. § 4B1.2, because Fla. Stat. § 893.13 is a strict liability statute, the Court agrees with Judge White that Movant's argument lacks merit.  See Report at 20-21.  Movant asserts that Adkins should control this issue.  See Objections at 6-7.  Adkins, however, does not support Movant's position.  In Adkins, the Florida Supreme Court upheld the constitutionality of Fla. Stat. § 893.13.  96 So. 2d at 423.  Thus, this opinion does not support Movant's argument that the statute is a strict liability offense.  The holding in State v. Washington, No. 3D11-2244, 2012 WL 2400879 (Fla. Dist. Ct. App. June 27, 2012), cited by Judge White, that Fla. Stat. § 893.13 does not create strict liability offenses, but "instead , creates general intent crimes" is thus instructive.  See id. at *5.  Accordingly, the Court

4

agrees with Judge White that Movant is not entitled to relief on this claim.  See Report at 21.

The Court also agrees with Judge White that Movant did not receive ineffective assistance of counsel for not raising the claims in grounds 1 and 2 of his Motion.  See Report at 21-22.  To prevail on his ineffective assistance of counsel claims, Movant must demonstrate that: (1) his counsel's performance was deficient; and (2) there was a reasonable probability that this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). Counsel is not ineffective, however, for failing to raise non-meritorious claims or defenses.  See Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001) (attorney is not ineffective for failure to raise meritless claims).  Because Movant would not have prevailed on challenging his career offender enhancement for either of the grounds asserted in claims 1 and 2, his attorney was not ineffective for failing to raise them.

Next, the Court agrees with Judge White that Movant's counsel was not ineffective for failing to argue that his prior Florida drug convictions could not be used to determine whether Movant was a career offender.  See Report at 22-24.  As discussed above, Movant was properly found to be a career offender.  Thus, his attorney was not ineffective for failing to argue this issue.

Finally, the Court agrees with Judge White that Movant is not entitled to a sentence reduction under the Fair Sentencing Act.  See Report at 25-26.  As Judge White notes, career offenders, such as the Movant, are not entitled to relief under the Fair Sentencing Act.  See United States v. Lawson, 686 F.3d 1317, 1321 (11th Cir.

2012).  Moreover, because Movant was sentenced prior to August 3, 2010, the effective date of the Fair Sentencing Act, the Fair Sentencing Act does not apply to him. See Dorsey v. United States, 132 S. Ct. 2321, 2335 (2012).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 13] is hereby **ADOPTED**;

2. The Motion to Vacate, Set Aside, or Correct Sentence [DE 1] is hereby **DENIED**;

3. Movant's Objections [DE 14] are **OVERRULED**;

4. The Clerk may **CLOSE** this case and **DENY** all pending motions as **MOOT**; and

5. Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, Movant is hereby **DENIED** a certificate of appealabilty because Movant has failed to make a substantial showing that he was denied a constitutional right.  The Court notes that pursuant to Rule 22(b)(1) of the Federal Rules of Appellate Procedure, Movant may request issuance of a certificate of appealability from the Eleventh Circuit.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 31st day of May, 2013.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record and pro se parties via CM/ECF